UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-21073-CIV-HUCK/WHITE
CIV- JUDGE: HUCK/WHITE

LUCY PIEDRAHITA,

       Plaintiff,

vs.

CLEAN COAL TECHNOLOGY,
a Florida-based corporation, ALVARO HERNANDEZ
LONDONO, as President of Clean Coal Technology,
And in his individual capacity, JOSEPH BERGMANN,
as CEO of Clean Coal Technology, and in his individual
capacity, AQUAPETRO TECHNOLOGIES, INC.,
a corporation, and "JOHN DOES," current unknown parties.
_____/

FILED by AJS D.C.

JUN - 2 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

MOTION FOR RECONSIDERATION AND
RESET TO TRIAL CALENDAR

**COMES NOW**, Plaintiff LUCY PIEDRAHITA-URIBE (hereinafter also referred to as "PIEDRAHITA-URIBE") and files this Motion For Reconsideration in support thereof states as follows:

1. That on April 22th 2009 a Complaint was filed with the United States District Court of the Southern District of Florida.

2. That the Plaintiffs in this matter were Lucy Piedrahita-Uribe, a resident of Columbia, and Chad Altieri, a resident of Florida.

3. That on April 24, 2009, a hearing was held *sua sponte*, to which Mr. Altieri acknowledged residence in Florida, and that Plaintiff's failed to satisfy complete diversity of citizenship for the purposes of diversity jurisdiction, and this Honorable Court ruled "all pending motions are denied moot and the case is closed."

4. That on April 25, 2009, and in response to the conversation held at the hearing on April 24, 2009, Mr. Altieri consulted with Ms. Piedrahita-Uribe and agreed to remove himself from the case so that Ms. Piedrahita-Uribe could pursue this matter in the only forum she has available for fair and just relief.

5. That on April 29, 2009, Mr. Altieri filed Plaintiff's Ex Parte Motion and Memorandum of Law to Remove Plaintiff Chad Altieri pursuant to Federal Rule 19 and 21 *(See Exhibit 1)*.

6. That in accordance with U.S. Statute 28 USC §1332, that there must be complete diversity in an action in federal court involving parties from different states or nations, Mr. Altieri has removed himself from the case so that Ms. Piedrahita-Uribe may continue this case on its merits before your Honorable Court.

7. That Federal Rule 21 states in part, "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." 28 USC §1332.

8. That on the week of May 18 through May 22, Mr. Altieri contacted this Honorable Court to ensure that his Motion to Remove was received through manual/non-electronic filing.

9. That Mr. Altieri notified the Court that he is not currently active in the electronic filing system for the United States Southern District of Florida, and due to this fact he was behind in the filings of the Court and the actions thereto.

10. That Mr. Altieri and Ms. Piedrahita-Uribe had as only the week prior to the filing of this motion received the post mailed Order from this Honorable Court.

11. That Plaintiff's action in this case due to delay as a result on not yet having access to the electronic filing system of the Untied States Southern District of Florida, via its counsel, was excusable neglect and reasonable under the circumstances. Counsel's Electronic Filing class is scheduled for June 2, 2009 at 10:00 AM *(See Exhibit 2)*.

12. That PIEDRAHTIA-URIBE has a bona-fide complaint against Defendants, and respectfully request that she have the merits of her case heard before your Honorable Court, and that any issue of subject matter has been resolved by the removal of Mr. Alteiri as a Plaintiff in this matter.

13. As stated by the Southern District of Florida, "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence ." *Z.K Marine v. M/V Archigetis*, 808 F . Supp 1561, 1563 (S .D. Fla. 1992) .

14. That in *Walmsley v. Mercury Finance Company*, this court laid out the circumstances under which a motion to reconsider will be granted in detail : "(1) and intervening change in controlling law ; (2) the availability of new evidence not previously available to the court or the parties ; or, (3) the need to correct a clear error of law or prevent manifest injustice ." 1994 U.S. Dist . LEXIS 21343, *1, *3 (S .D. Fla. 1994).

15. That in *Walmsley*, this Court also pointed out that motions to reconsider brought under Federal Rule of Civil Procedure 59(e) should not be done so in an effort to reargue matters already disposed of by the court . Id at *4, and that the Eleventh Circuit has also recognized a number of circumstances under which a previously entered order may be considered including the need to correct clear error or manifest injustices . See, e.g., *Fernandez v . Bankers Nat'l Life Ins .  Co.*, 906 F.2d 559, 569 (l lth Cir. 1990).

16. Clearly, Plaintiffs motion is not an effort to reargue matters already disposed of because Plaintiff did not have the opportunity to present any evidence or its case before this Honorable Court.

17. That the removal of Mr. Altieri from this case, also removes the issue of non-adherence to complete diversity in this case, and allows for this Honorable Court to hear this matter under complete diversity under U.S. Statute 28 USC 1332.

18. For the foregoing reasons, Plaintiff, LUCY PIEDRAHITA-URIBE respectfully states it would be unjust for Plaintiffs cause of action to be dismissed under these circumstances, and she should have the opportunity of the merits of her case to be heard before your Honorable Court.

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court to grant this Motion to Reconsider, and thereby reopen and reset the matter for the trial calendar.

*Respectfully submitted,*

Chad Altieri, Esq.
Attorney for Plaintiff Piedrahita-Uribe
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Ph: 305-562-4981
Fax: 305-865-1268

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

CHAD ALTIERI, an individual, prose
LUCY PIEDRAHITA, an individual, prose

       Plaintiffs,

vs.

CLEAN COAL TECHNOLOGY,
a Florida-based corporation, ALVARO HERNANDEZ
LONDONO, as President of Clean Coal Technology,
And in his individual capacity, JOSEPH BERGMANN,
as CEO of Clean Coal Technology, and in his individual
capacity, AQUAPETRO TECHNOLOGIES, INC.,
a corporation, and "JOHN DOES," current unknown parties.

       Defendants,
_____/

FILED by _____ D.C.

APR 2 9 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## PLAINTIFF'S EX PARTE MOTION AND MEMORANDUM OF LAW TO REMOVE PLAINTIFF CHAD ALTIERI.

The Plaintiffs, by pro se hereby submits this "Plaintiff's Ex Parte Motion and Memorandum of Law to Remove Plaintiff, Chad Altieri. For the reasons set forth below, this Motion should be granted in its entirety.

### I. Introduction

The Plaintiffs pursuant to this Court's authority under Federal Rules of Civil Procedure 19 and 21, request leave from this Court to remove Chad Altieri, duly licensed Attorney in the State of Florida.

### II. Law

Under Federal Rule of Civil Procedure 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. It is well-established that this Court has the authority to add or dismiss parties under Rules 19 and 21.

## III. Discussion

Plaintiffs seek to remove Plaintiff Chad Altieri because according to US Statute 28 U.S.C. § 1332, there must be complete diversity in an action in federal court involving parties from different states or nations. It states in particular,

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.
>
> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

Removing Mr. Altieri will in allow for Mr. Altieri to seek remedy in the appropriate venue.

## IV. Conclusion

For the reasons stated, Plaintiff respectfully requests this Court to grant Plaintiffs' motion to Remove Safeguard Services, Inc. as a defendant in this case.

Respectfully submitted,

Chad Altieri
201 S. Biscayne Blvd.
28th Floor
Miami, Florida
Tel: (305) 562-4981
Email: caltieri@morningsideent.com

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April ___, 2009, I conventionally filed the foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via certified mail, post, mail or e-mail.

## *Service List*

**CHAD ALTIERI, an individual, prose**
**LUCY PIEDRAHITA, an individual, prose**
**vs.**

**CLEAN COAL TECHNOLOGY,**
**a Florida-based corporation, ALVARO HERNANDEZ**
**LONDONO, as President of Clean Coal Technology,**
**And in his individual capacity, JOSEPH BERGMANN,**
**as CEO of Clean Coal Technology, and in his individual**
**capacity, AQUAPETRO TECHNOLOGIES, INC.,**
**a corporation, and "JOHN DOES," current unknown parties.**

**Post Mail Service upon:**

Clean Coal Technology – Florida Office
1744 Breakers West Blvd.
West Palm Beach, FL 33411

Clean Coal Technology – Corporate Counsel
Attn: Richard Wilensky, Esq
Wilensky & Jones, LLP
3109 Carlisle Street, Ste 100
Dallas, Texas 75204

Aquapetro Technologies, Inc
185 Bay Shore Loop
Mooresville, NC 28117

Alvaro Hernandez
185 Bay Shore Loop
Mooresville, NC 28117

Joseph Bergmann
1744 Breakers West Blvd.
West Palm Beach, FL 33411

Respectfully submitted,

Chad Altieri JD/MBA
201 S. Biscayne Blvd.
28th Floor
Miami, Florida
Tel: (305) 562-4981
Email: caltieri@morningsideent.com

# EXHIBIT 2



# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May _____, 2009, I conventionally filed the foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Respectfully submitted,*

_____
**Chad Altieri, Esq.**
Attorney for Plaintiff Piedrahita-Uribe
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Ph: 305-562-4981
Fax: 305-865-1268

## Service List

CHAD ALTIERI, an individual, prose
LUCY PIEDRAHITA, an individual, prose
vs.

CLEAN COAL TECHNOLOGY,
a Florida-based corporation, ALVARO HERNANDEZ
LONDONO, as President of Clean Coal Technology,
And in his individual capacity, JOSEPH BERGMANN,
as CEO of Clean Coal Technology, and in his individual
capacity, AQUAPETRO TECHNOLOGIES, INC.,
a corporation, and "JOHN DOES," current unknown parties.

**Post Mail Service upon:**

Clean Coal Technology – Florida Office
1744 Breakers West Blvd.
West Palm Beach, FL 33411

Clean Coal Technology – Corporate Counsel

Attn: Richard Wilensky, Esq
Wilensky & Jones, LLP
3109 Carlisle Street, Ste 100
Dallas, Texas 75204

Aquapetro Technologies, Inc
185 Bay Shore Loop
Mooresville, NC 28117

Alvaro Hernandez
185 Bay Shore Loop
Mooresville, NC 28117

Joseph Bergmann
1744 Breakers West Blvd.
West Palm Beach, FL 33411