## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO.: 09-21073-CIV-HUCK/O'SULLIVAN

LUCY PIEDRAHITA,

      Plaintiff,

vs.

CLEAN COAL TECHNOLOGY, a Florida
corporation, et al.,

      Defendants.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court upon Plaintiff's Motion for Reconsideration and to Reset Trial Calendar filed on June 2, 2009 [D.E. #5].  Plaintiff's Motion requests that the Court reconsider its April 24, 2009 Order of Dismissal [D.E. #4] which dismissed Plaintiffs' Complaint without prejudice for lack of subject matter jurisdiction.  In the Order, the Court held that dismissal was required as the Plaintiffs failed to satisfy the complete diversity of citizenship requirement pursuant to 28 U.S.C. § 1332. According to the Motion for Reconsideration, Plaintiff Piedrahita-Uribe, the diverse plaintiff, previously filed an Ex Parte Motion and Memorandum of Law to Remove Plaintiff Chad Altieri, the nondiverse plaintiff. The Motion to Remove Plaintiff Altieri was attached to the Motion for Reconsideration as Exhibit 1, but does not appear on the docket.  That motion, which Plaintiff states was submitted to the clerk's office on April 29, 2009, asks the Court to remove Altieri from the Complaint.  Plaintiff Piedrahita-Uribe subsequently filed this Motion for Reconsideration, arguing that with the removal of Altieri, it would be unjust for the cause of action to be dismissed.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Harso Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).  "[T]here must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Assoc. For Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002).  Plaintiff Piedrahita-Uribe's Motion fails to meet the standard for reconsideration.  Diversity jurisdiction is determined at the time of filing. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).  The Motion for Reconsideration must speak to errors made at or before dismissal, and the failure of the court, on its own motion, to drop a party to achieve requisite diversity of citizenship

is no such error.  *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1083 (5th Cir. 1975).

The Court did not have subject matter jurisdiction in this case at the time of dismissal.  Plaintiff's

basis for reconsideration is her April 29, 2009 Motion to Remove Plaintiff Altieri, which asks the

court to drop Altieri, the nondiverse plaintiff, under Fed. R. Civ. Pro. 21 so that the action could

meet the diversity of citizenship requirements.  Assuming that the motion was filed on April 29,

2009, that is still several days after the order of dismissal was entered.  Furthermore, even if the

Court were to consider the Motion to Remove Plaintiff Altieri, that motion does not present any facts

regarding Plaintiff Altieri's status as a Fed. R. Civ. Pro. 19 dispensable party (a finding the Court

would have to make prior to dropping a party under Rule 21 as requested).  Accordingly, Plaintiff

Piedrahita-Uribe's Motion for Reconsideration does not demonstrate any manifest errors of law, fact,

or newly discovered evidence that would warrant reconsideration.

   The Court having reviewed the Motion for Reconsideration and being otherwise duly advised

on the premises, it is hereby ORDERED that the Plaintiff's Motion for Reconsideration is DENIED.

   DONE AND ORDERED in Chambers, Miami, Florida this June 30, 2009.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record